UNITED STATES BANKRUPTCY COURT      Hearing Date: August 4, 2026

SOUTHERNDISTRICT OF NEW YORK      Hearing Time:  10:00 am

------------------------------------------------------------X

In re:      Chapter 11

     Case No.  25-72252-AST


22 HIGH MOUNTAIN, LLC


           Debtor.

------------------------------------------------------------X

### RESPONSE TO TRUSTEE'S MOTION TO DISMISS OR CONVERT

ROBERT S. LEWIS, ESQ., an attorney duly licensed to practice law in the State of New York and in the U.S. Bankruptcy Court, being mindful of the penalties of perjury, affirms and states as follows:

1. I am the attorney for the Debtor herein 22 High Mountain, LLC, (the "Debtor") and, as such, I am fully familiar with the facts and circumstances of this matter through conversations with Representative of my client and a review of the file maintained by my office in this matter.

2. I make this response to the US Trustee's Motion to Dismiss or Convert ("Motion").

3. The Debtor commenced this Chapter 11 case on April 20, 2026, for the legitimate and proper purpose of preserving and reorganizing its sole asset — the real property located at 22 High Mountain Road, Pomona, New York. The Debtor sought bankruptcy protection to prevent loss of the Property and pursue a viable restructuring, not to hinder or delay creditors. The Debtor has acted in good faith throughout this proceeding.

4. The Motion asserts that the Debtor "has failed to comply" with the Operating Guidelines and has not provided proof of a debtor-in-possession ("DIP") account, insurance, or tax returns. See Bruh Decl. ¶¶ 6–7. These statements are no longer accurate.

5. The Debtor has provided each requested item:

- **DIP Account Information** — provided to the United States Trustee on **July 12, 2026**
- **Certificate of Liability Insurance** — provided on **July 15, 2026**
- **Federal Tax Returns** — provided on **July 21, 2026**

These submissions directly rebut the Motion's assertion that the Debtor "has failed to comply with the UST Document Request."

6.      The Motion further states that "as of the date hereof, the Debtor has not filed any monthly operating reports." See Bruh Decl. ¶ 8. This is no longer correct. The Debtor's **June Monthly Operating Report was filed on July 21, 2026**, curing any prior deficiency and demonstrating the Debtor's commitment to ongoing compliance.

7.      Because the Debtor has provided all requested documentation and filed its operating report, the factual predicates for "cause" under § 1112(b)(4)(C), (F), and (H) have been cured.

8.      Section 1112(b)(2) expressly prohibits dismissal where:

a.      the debtor provides a reasonable justification for any omission, and
b.      the omission is cured within a reasonable period of time.

9.      The Debtor has satisfied both requirements.

10. The Debtor is now in full compliance with the Operating Guidelines and is actively preserving the estate's sole asset. Dismissal would expose the Property to immediate foreclosure risk and eliminate the possibility of a confirmable plan. Continued Chapter 11 oversight is in the best interests of creditors and the estate.

**WHEREFORE**, For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion to Dismiss or Convert and grant such other and further relief as the Court deems just and proper.

Dated  July 23, 2026

/s/ Robert S. Lewis, Esq.
ROBERT S. LEWIS, ESQ.
Attorney for Debtor
100 Dutch Hill Rd
Suite 380
Orangeburg, NY 10962
(845) 358-7100