UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 22 HIGH MOUNTAIN, LLC, | Case No. 26-22396 (SHL) |
| Debtor. | Hearing: August 20, 2026, 10:00 a.m. |

**DEBTOR'S MOTION FOR (I) A BRIEF ADJOURNMENT OF THE AUGUST 20, 2026 HEARINGS, (II) AN EXTENSION OF TIME, NUNC PRO TUNC, TO RESPOND TO ECF NO. 18, (III) CONTINUATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(e)(1), AND (IV) AN EXTENSION OF THE EXCLUSIVE PERIODS UNDER 11 U.S.C. § 1121(d) — EXPEDITED CONSIDERATION REQUESTED**

22 High Mountain, LLC, the debtor and debtor in possession (the "Debtor"), by its undersigned counsel of record, respectfully moves for the relief set forth below and states:

1. The Debtor requests entry of the proposed order submitted herewith, granting in full the relief timely requested in the Debtor's August 12, 2026 letter [ECF No. 20]: (i) briefly adjourning the hearings scheduled for August 20, 2026 on Citizens Bank, N.A.'s motion for relief from the automatic stay (ECF No. 18) and the United States Trustee's motion (ECF No. 10) to the Court's next available date on or after September 10, 2026; (ii) extending, nunc pro tunc, the Debtor's time to respond to ECF No. 18 through and including seven (7) days before the adjourned hearing date; (iii) providing that the automatic stay remains in full force and effect through and including the conclusion of the final hearing on ECF No. 18, pursuant to 11 U.S.C. § 362(e)(1); and (iv) extending, through and including October 17, 2026, the Debtor's deadline to file its chapter 11 plan and disclosure statement and its exclusive periods under 11 U.S.C. § 1121(b) and (c), with the corresponding solicitation period extended commensurately. Because the hearings are imminent, the Debtor respectfully requests that the Court consider this motion on an expedited basis, on the papers, before August 20.

2. On July 27, 2026, the Bank moved for relief from the automatic stay. [ECF No. 18.] The Debtor's response date was August 13, 2026, and the hearing is set for August 20, 2026.

3. On August 12, 2026 — before the response date — the Debtor requested by letter an adjournment of the hearings, an extension of its response deadline, and a sixty-day extension of its exclusive periods, to permit substitution of counsel. [ECF No. 20.] On August 18, 2026, the Debtor filed a further letter requesting a ruling before the hearing. [ECF No. 22.] By email of August 18, 2026, chambers advised that adjournment of another party's motion requires either the movant's agreement or the Court's determination. Counsel for the Bank has not consented; the United States Trustee's position has not been received. This motion is accordingly submitted for the Court's determination.

4. The Debtor has terminated the engagement of its undersigned counsel and has identified successor counsel, who requires a brief period to complete retention and appear. Undersigned counsel remains counsel of record solely pending substitution. Successor counsel has begun work on the Debtor's response to ECF No. 18 and requires a brief extension to become fully familiar with the facts and the record of this case. Successor counsel will appear by the adjourned hearing date.

5. The extension of the response time is squarely authorized. Where a request to enlarge a period is made before the period expires, the Court "for cause shown may at any time in its discretion" order the period enlarged. Fed. R. Bankr. P. 9006(b)(1). The Debtor's request was made on August 12 — before the August 13 response date — and remains pending. A substitution of counsel is classic cause, and no party is prejudiced: the Bank's own motion papers reflect an equity cushion of 57.5 percent protecting its claim. [ECF No. 18 ¶ 12; ECF No. 18-1.]

6. The brief adjournment is likewise warranted. The Court possesses inherent authority over its calendar, and a short adjournment to complete a substitution of counsel is routinely granted. Requiring the merits of a contested stay-relief motion to be heard through counsel whose engagement the Debtor has terminated would effectively deny the Debtor its counsel of choice at the most consequential hearing of the case. The requested adjournment is approximately two weeks; it is the Debtor's first; and it prejudices no party.

7. A brief adjournment is all the more appropriate because stay relief would be unwarranted on this record in any event. This Court has denied stay relief where an equity cushion protected the movant, and the District Court affirmed on the ground that an uncontested equity cushion "north of twenty percent" was, by itself, adequate protection. In re AMR Corp., 485 B.R. 279 (Bankr. S.D.N.Y. 2013) (Lane, J.), aff'd sub nom. Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.), 490 B.R. 470, 478 (S.D.N.Y. 2013). Here, the Bank's own motion papers reflect an equity cushion of 57.5 percent — nearly triple that figure. [ECF No. 18 ¶ 12; ECF No. 18-1.] Whatever the posture of the briefing, a movant so protected suffers no prejudice from a brief adjournment.

8. As to the automatic stay: the Debtor itself requests — and consents to — an order expressly continuing the stay in full force and effect through and including the conclusion of the final hearing on ECF No. 18, in accordance with 11 U.S.C. § 362(e)(1). To the extent a finding is required, the pending substitution of counsel, the completed briefing, and the substantial equity cushion reflected in the movant's own papers together constitute the required circumstances: the motion is genuinely contested, and a brief continuation works no cognizable harm to a movant protected by a seven-figure cushion on its own numbers.

9. Finally, the Debtor's exclusive periods: the Debtor's request to extend them was made on August 12, 2026 — before the initial period ran — and 11 U.S.C. § 1121(d) authorizes the extension on such a timely request. The Debtor seeks sixty days, through October 17, 2026, with the solicitation period extended commensurately, so that the substitution of counsel and the plan process may proceed in an orderly way.

10. No prior formal motion for this relief has been made; the Debtor's prior requests were by letters at ECF Nos. 20 and 22, and this motion is submitted in accordance with chambers' August 18 guidance.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed order submitted herewith, on an expedited basis and on the papers if the Court deems appropriate, and grant such other and further relief as is just and proper.

Dated: Orangeburg, New York
August 19, 2026

LAW OFFICES OF ROBERT S. LEWIS, P.C.

By: /s/ Robert S. Lewis
Robert S. Lewis, Esq.
100 Dutch Hill Road, Suite 380
Orangeburg, New York 10962
(845) 358-7100
Counsel of Record for the Debtor